IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SARA NICHOLSON, | : |
| Plaintiff, | : |
| VS. | : |
| | :     3 : 12-CV-71 (CAR) |
| CAROLYN W. COLVIN[1], | : |
| Acting Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff filed this Social Security appeal on June 1, 2012, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is substituted for former Commissioner Michael J. Astrue as Defendant herein. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.  20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working.  In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed applications for disability and Supplemental Security Income benefits in January 2008.  (T – 137-144).  Her claims were denied initially and upon reconsideration.  (T – 82-89, 93-98).  A hearing was held before an ALJ on April 7, 2010.  (T – 35-74).  In a decision dated May 28, 2010, the ALJ determined that the Plaintiff was not disabled.  (T – 18-34).  The Appeals Council denied Plaintiff's request for review, making the May 2010 decision the final decision of the Commissioner.  (T- 1-6).

*Statement of Facts and Evidence*

The Plaintiff was 48 years of age at the time of the ALJ's hearing on her claim. (T – 137). She has an associate's degree as a microcomputer specialist and past relevant work experience as a fast food worker, cook, and cashier. (T – 41, 184, 189). Plaintiff asserts that she became unable to work as of August 1, 1996 due to bipolar disorder, migraines, back problems, and anxiety. Plaintiff received disability benefits and Supplemental Security Income benefits between 1996 and 2007, but these benefits apparently ceased upon Plaintiff's completion of a vocational rehabilitation program. (T – 181). Her 2008 applications represent new applications for benefits.

As determined by the ALJ, Plaintiff suffers from severe impairments in the form of bipolar disorder, migraines, degenerative disc disease, mood disorder, obesity, and substance abuse. (T - 23). The ALJ found that the Plaintiff had the residual functional capacity to perform a limited range of sedentary work but could not return to her past relevant work. (T – 27-28). Relying on the Medical Vocational Guidelines and the testimony of a Vocational Expert, the ALJ determined that the Plaintiff remained capable of performing jobs which existed in significant numbers in the national economy and she was thus not disabled. (T – 30).

## DISCUSSION

*Treating physician's opinions*

The Plaintiff asserts that the ALJ erred in failing to evaluate the opinions of treating physician Dr. Doerr. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that

3

you are disabled.@ 20 C.F.R. ▪ 404.1527(e)(1). Good cause to discount the opinion of a physician has been found to exist Awhere the doctor=s opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors= opinions were conclusory or inconsistent with their own medical records.@ *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, A[w]e are concerned here with the doctors= evaluations of [the plaintiff=s] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition.@*Id.*

AAbsent >good cause=, an ALJ is to give the medical opinions of treating physicians >substantial or considerable weight= . . . With good cause, an ALJ may disregard a treating physician=s opinion, but he >must clearly articulate [the] reasons= for doing so.@ *Winschel v. Comm=r. of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

Dr. Doerr began treating the Plaintiff in September 2007 and continued treatment through February 2008, seeing the Plaintiff on four (4) occasions. During such time, the Plaintiff also underwent physical therapy for her neck and back pain. (T – 486-535). In a treatment notation dated February 28, 2008, Dr. Doerr found that the Plaintiff had

> . . . improved moderately overall, but has sig[nificant] recurrent [low back pain] . . . Also has sig[nificant] [degenerative joint disease of the]knees in assoc[iation with] obesity. She has bipolar disorder. [Plaintiff] is very earnest and honest in describing her [symptoms] and vulnerabilities . . . [Plaintiff] appears functionally disabled [due to] overlapping interactive issues which would require a complete "overhaul" in all areas to reduce the effects of even one.

(T – 525).

The ALJ noted only the Plaintiff's September 12, 2007 treatment by Dr. Doerr, stating that

> The claimant was seen by Christopher Doerr, MD, a back and neck

4

>specialist, on September 12, 2007.  She stated that she could stand for 15 minutes and walk for 10 minutes, but remained flexible and could touch her toes.  She indicated that she and her partner were raising her partner's three grandchildren, ages 4, 7, and 12, and that she cared intermittently for her mother, who weighed 125 pounds and who required assistance with ambulation.

(T – 25).

Other than this reference to Plaintiff's treatment by Dr. Doerr in September 2007 and a notation that Plaintiff missed almost half of her September 2007 physical therapy appointments set up through Dr. Doerr's office, the ALJ does not mention or reference Dr. Doerr's findings or conclusions.

The ALJ did not discuss Dr. Doerr's opinions or findings, nor did he provide specific reasons to reject the opinion of disability issued by Dr. Doerr.   As the Plaintiff asserts, the ALJ's decision is void of any discussion or consideration of the limitations issued by Dr. Doerr, other than mention of the September 12, 2007 visit.  The Eleventh Circuit has clearly stated that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. . . . [and] when the ALJ fails [to do so], we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'"  *Winschel*, 631 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).   Moreover, pursuant to 20 C.F.R. § 404.1527(d)(2), "[the Social Security Administration] will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

As in *Winschel*, the ALJ herein failed to even mention the opinion and findings of a treating physician (Dr. Doerr) or evidence consideration thereof.   "[W]ithout clearly articulated grounds for [the ALJ's decision], [the Court] cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence," requiring that this matter be reversed and remanded.   *Id.*; *see also, Lawton v. Comm'r. of Social Security*, 2011 WL 2471475 (M.D.Ga. Docket No. 5 : 09-CV-239-MTT)

5

(failure of ALJ to reference and assign weight to treating physicians=opinions, which were contrary to the ALJ=s residual functional capacity assessment, required reversal and remand).

The undersigned therefore finds that the ALJ erred in failing to discuss or assign weight to the opinions issued by Dr. Doerr, and in this regard erred in determining Plaintiff=s residual functional capacity.

The Court has reviewed the Plaintiff=s additional assertions that the ALJ erred in failing to impose episodic limitations related to Plaintiff's migraines and bipolar disorder, posed an inaccurate hypothetical to the Vocational Expert, and failed to consider the disability decision issued by Vocational Rehabilitation.   The Court finds, as asserted by the Commissioner, that the Plaintiff has failed to establish the existence of additional limitations on her functional capacity resulting from the episodic nature of her migraines and bipolar disorder.

However, on remand, the ALJ is directed to provide specific consideration of the disability decision issued by the Georgia Department of Labor Rehabilitation Services (T – 249-250), which found the Plaintiff to be functionally disabled.   Although the ALJ referenced this evidence, she did not offer any substantive consideration of the findings and/or any rejection thereof.   Although "[t]he SSA regulations specify that a decision by any non-governmental or governmental agency about whether an individual is disabled is based on its own rules and does not constitute a SSA decision about whether an individual is disabled . . . [t]he ALJ must state specifically the weight accorded to each item of evidence and why he reached that decision."   *Kemp v. Astrue*, 308 Fed.Appx. 423, 426 (11th Cir. 2009).

The Court finds as well, as conceded by the Commissioner, that the ALJ posed an incomplete and inaccurate hypothetical to the VE regarding Plaintiff's ability to push and pull with her arms.

Rather than using her finding that the Plaintiff could not use her arms for pushing and pulling, the ALJ posed a hypothetical that restricted Plaintiff only from "constant" pushing and pulling.  (T – 27, 67-68).  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).   On remand, the ALJ is directed to pose a complete and accurate hypothetical to the VE based on the findings of Plaintiff's residual functional capacity.  Consideration on remand should also include the evidence from treating psychologist Dr. Caldwell (T – 309), which the Plaintiff contends was ignored by the Appeals Council.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED and REMANDED** pursuant to Sentence Four of § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable C. Ashley Royal, Chief United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 21st day of May, 2013.

> s/   *Thomas Q. Langstaff*
> 
> **UNITED STATES MAGISTRATE JUDGE**